AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA
vs.
TIEN NGUYEN

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 3:07-cr-24-LRH(RAM)

USM NUMBER: 41246-048

Ramon Acosta
DEFENDANT'S ATTORNEY

FILED ____  RECEIVED ____
ENTERED ____  SERVED ON ____
COUNSEL/PARTIES OF RECORD

FEB 15 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

THE DEFENDANT:

( ✓ )  pled guilty to Count 2 of the Indictment
(   )  pled nolo contendere to count(s) _____ which was accepted by the court.
(   )  was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2315 | Possession of Stolen Goods | 12/21/06 | 2 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

(   )  The defendant has been found not guilty on count(s) _____
( ✓ )  Count 1 is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FEBRUARY 11, 2008
Date of Imposition of Judgment

*[signature]*
Signature of Judge

LARRY R. HICKS
U.S. DISTRICT JUDGE
Name and Title of Judge

2/14/08
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT:   TIEN NGUYEN                                                                Judgment - Page  2
CASE NUMBER:  3:07-cr-24-LRH(RAM)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: FORTY-FOUR (44) MONTHS

( √ )   The court makes the following recommendations to the Bureau of Prisons:
        Incarceration FCI Herlong, California.

( √ )   The defendant is remanded to the custody of the United States Marshal.

(  )    The defendant shall surrender to the United States Marshal for this district:
        (  )   at _____ a.m./p.m. on _____
        (  )   as notified by the United States Marshal.

(  )    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        (  )   before 2 p.m. on _____
        (  )   as notified by the United States Marshal.
        (  )   as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                                    BY:  _____
                                                         Deputy United States Marshal

DEFENDANT: TIEN NGUYEN  
CASE NUMBER: 3:07-cr-24-LRH(RAM)

Judgment - Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

- ( )  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- (√)  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- (√)  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ( )  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ( )  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: TIEN NGUYEN  Judgment - Page 4
CASE NUMBER: 3:07-cr-24-LRH(RAM)

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapon - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. Warrantless Search - The defendant shall submit his/her person, property, residence, place of business and vehicle under his/her control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. Substance Abuse Treatment - The defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing, out-patient counseling, or residential placement, as approved and directed by the probation officer. The defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay.

4. Alcohol Abstinence - Defendant shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants.

5. Gambling Prohibition - The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer.

6. Debt Obligation - The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation officer.

7. Access to Financial Information - The defendant shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

8. Immigration Compliance - If defendant is deported, he shall not reenter the United States without legal authorization. If defendant does reenter the United States, with or without legal authorization, he shall report in person to the probation office in the district of reentry within 72 hours.

9. Financial Polygraph/Truth Verification Testing - Defendant shall submit to polygraph/truth verification testing as directed by the probation officer to insure compliance with his financial condition.

10. Restitution Obligation - The defendant shall make restitution AT&T in the amount of SIX HUNDRED FIFTY FIVE THOUSAND ONE HUNDRED SIXTY THREE and 74/100ths DOLLARS ($655,163.74), pursuant to a payment schedule to be determined by the probation officer.

AO 245B (Rev 06/05) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

DEFENDANT: TIEN NGUYEN  Judgment - Page 5
CASE NUMBER: 3:07-cr-24-LRH(RAM)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately. | $WAIVED | $655,163.74 |

( )  On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )  The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No. 3:07-cr-24-LRH(RAM)<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS : | $655,163.74 | $655,163.74 | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

the interest requirement is waived for the: ( ) fine ( ) restitution.
the interest requirement for the: ( ) fine ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev 06/05) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

DEFENDANT:   TIEN NGUYEN                                                                      Judgment - Page __6__
CASE NUMBER:   3:07-cr-24-LRH(RAM)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ( √ )   Lump sum payment of $100.00 due immediately, balance due
              ( )   not later than _____; or
              ( )   in accordance with ( ) C, ( ) D, or ( ) E below; or

B   ( )     Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below; or

C   ( )     Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____
              _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or
              60 days) after the date of this judgment; or

D   ( )     Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____
              _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a
              term is supervision; or

E           Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
              from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
              time; or

F   ( √ )   Special instructions regarding the payment of criminal monetary penalties:
              Restitution Obligation - The defendant shall make restitution to AT&T, 3851 North Freeway Blvd., Sacramento,
              CA 95834, Attn: Michael Riensch, Regional Manager, Corporate Security, in the amount of SIX HUNDRED
              FIFTY FIVE THOUSAND ONE HUNDRED SIXTY THREE and 74/100ths DOLLARS ($655,163.74), pursuant
              to a payment schedule to be determined by the probation officer.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.


( )   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
      Amount, and corresponding payee, if appropriate.


( )   The defendant shall pay the cost of prosecution.

( )   The defendant shall pay the following court cost(s):

( )   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.